**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**EVERETT BRAKEMAN,**

    **Plaintiff,**

v.                                                      No. CIV 98cv0003 LH/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Brakeman's) Motion to Reverse and Remand Administrative Decision, filed November 30, 1998. The Commissioner of Social Security issued a final decision denying Brakeman's applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken in part and recommends that it be GRANTED.

Brakeman, now forty-eight years old, filed his applications for disability insurance benefits and supplemental security income on April 28, 1995, alleging a disability which commenced May 14, 1990, due spinal disc problems, dislocated pelvis, personality disorder, and substance abuse. He has a GED as well as associates degrees in auto mechanics and psychology, with past relevant work experience as a mechanic and cook. The Commissioner denied Brakeman's application for disability insurance benefits and supplemental security income both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Brakeman had the residual functional capacity for the full range of light work and was a younger

individual. Applying the grids, the ALJ concluded Brakeman was not disabled. The Appeals Council denied Brakeman's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Brakeman seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt.

P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse and remand, Brakeman argues the ALJ failed to properly evaluate whether his impairment met or equaled the listing for personality disorders, and failed to fully and fairly develop the medical evidence regarding his mental impairment, erred in mechanically applying the grids, and denied his right to a full and fair hearing.

Brakeman argues the ALJ should have found him disabled at step three under Listing 12.08, the listing for personality disorders. At step three, the ALJ explicitly considered whether Brakeman's impairments met Listing 12.08. Specifically, the ALJ found Brakeman suffered from antisocial personality disorder. Administrative Record (AR) 36. However, in order to satisfy 12.08, the mental disorder must result in three of the following limitations:

> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work setting or elsewhere); or
>
> 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

Listing 12.08 B.

The ALJ found Brakeman had slight restrictions of activities of daily living, slight to moderate difficulties in maintaining social functioning, seldom suffered from deficiencies of concentration,

3

persistence or pace, and never experienced episodes of deterioration or decompensation in work or work-like settings. AR 36-37.

The record establishes Brakeman has been repeatedly incarcerated and has at least six adult felony convictions. AR 186-187. He suffered injuries due to a prison fight and received counseling for alcohol abuse. AR 188. In his October 7, 1995, consultative report, Dr. Jaime Michel determined Brakeman's insight and judgment were precluded by his minimalization of externalization of his problems. AR 189. Dr. Michel diagnosed alcohol abuse as well as antisocial behavior and gave Brakeman a Global Assessment of Functioning (GAF) score of 40. AR 190. Brakeman testified he had trouble working with people and preferred not to be around people. AR 212. In light of this record, the ALJ's determinations as set out on the PRT form are not supported by substantial evidence of record. A remand is therefore required.

Brakeman also contends the ALJ failed to fully and fairly develop the record with respect to his mental impairment. When there is evidence of a mental impairment which allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments as set out in 20 C.F.R. § 404.1520a. *Cruse v. U.S. Dept. of Human Services*, 49 F.3d 614, 617 (10th Cir. 1995). At the administrative hearing level, the ALJ may complete the PRT form with or without the assistance of a medical advisor. 20 C.F.R. § 404.1520a(d)(1). However, the standard form must be appended to the decision. 20 C.F.R. § 404.1520a(d)(2). In this case, while the ALJ append a PRT form to the decision, it was not completed in accordance with the evidence of record. Moreover, the ALJ failed to discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form as required by *Cruse*. On remand, the ALJ should complete the PRT form to reflect all the evidence of record and discuss in his opinion the evidence he considered

in reaching the conclusions expressed on the form.

Brakeman next argues the ALJ erred in mechanically applying the grids at step five. At step five, the burden of proof shifts to the Commissioner to show that the claimant retains the residual functional capacity to do work which exists in the national economy. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). In certain cases, at the fifth step, the ALJ may rely solely on the grids.

The grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of occupational publications and studies. 20 C.F.R. §§404.1566(d); 416.969a . The grids aid the Commissioner in determining what specific jobs exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565; 416.969a. These findings of fact are plugged into the grids to produce a factual conclusion of disability. 20 C.F.R. §§ 404.1569; 416.969a.

The grids assume that a claimant's sole limitation is lack of strength, also known as an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00 (e)(2). In a case such as this, where a claimant presents evidence of both exertional and non-exertional impairments, the ALJ must make findings on how much a claimant's work ability is further diminished by the non-exertional limitations. *Id.* If the non-exertional limitations are significant enough to further reduce work capacity, the ALJ may not rely solely on the grids but must instead give full consideration to all relevant facts, including expert vocational testimony if necessary, in order to determine whether a claimant is disabled. *Channel v. Heckler*, 747 F.2d 577, 583 (10th Cir. 1984).

In other words, the grids cannot be used conclusively when a non-exertional impairment limits a claimant's ability to perform the full range of work in a particular residual functional capacity

5

category. *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). When non-exertional limitations are present, the grids can only be used as a framework for considering the extent to which such limitations further diminish the claimant's ability to work by reducing the types of jobs that the claimant would otherwise be able to perform. *Talbot*, 814 F.2d at 1460; 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 200.00 (e)(2). In assessing the extent to which a claimant's ability to work is eroded by his non-exertional impairments, the ALJ will normally need to obtain the testimony of a vocational expert. *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991).

In this case, the ALJ found Brakeman's ability to perform light work was limited to work that did not involve more than average direct contact with the public. AR 32. The record establishes Brakeman's antisocial personality disorder limits his ability to work. Accordingly, the ALJ could not properly determine whether Brakeman was disabled by relying solely on grids. Therefore, the case must be remanded in order to obtain vocational expert testimony at step five.

Brakeman argues the ALJ denied his right to a full and fair hearing. After carefully reviewing the entire record and the decision of the ALJ, the United States Magistrate Judge is unable to discern any indication of bias on the part of the ALJ. Social Security regulations do, however, provide a mechanism for submitting a request, at the administrative level, for reassignment to a different ALJ. 20 C.F.R. § 404.940. On remand, Brakeman may follow this procedure should he so choose.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Brakeman's Motion to Reverse and Remand Administrative Decision, filed November 30, 1998, should be granted. This case should be remanded to the Commissioner for reconsideration of whether Brakeman's mental impairment satisfied the criteria of Listing 12.08, for completion of the

6

PRT form to reflect all the evidence of record, full discussion of the evidence the ALJ considered in reaching the conclusions expressed on the PRT form, and to obtain vocational expert testimony at step five.

       _____
       JOE H. GALVAN
       UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.